OPINION of the Court, by
Ch. J. Botie
This Vas an action upon a covenant for the payment of $340 in pock, to which the defendant in substance pleaded, that the covenant was executed in part of the price of a slave sold by the plaintiff <0 him, which slave was. at the time of the sale unsound, and laboring under a grievous malady of the liv er, of which the plaintiff had full knowledge, but artfully concealed the same from tiic defendant ; and tiiat the said unsoundness and disorder rendered the slave at the time of the sale, and forever thereafter, entirely useless and of no value, and of which lie afterwards died : and so the defendant avers that there is an entire failure of the consideration of the covenant on which the action is brought.
On a demurrer to this plea, the court below adjudged it insufficient, and gave judgment for the plaintiff.
The only question to be decided by this court is, whether the court below erred in adjudging the plea insufficient ?
That the sale of the slave may be avoided on the ground of fraud, there can be no doubt; and that the averments contained in the plea, if true, are sufficient to show that the plaintiff had committed a fraud upon the defendant in the sale, is a point not controverted : hut it is contended that the plea ought to have averred that the defendant had returned, or offered to return, the slave to the plaintiff. Such an averment might have been necessary if the plea had not contained an allegation that the disorder of the slave had rendered him entirely useless am! of no v alue, and of which he afterward» died; for otherwise there would riot appear to have been a total failure of the consideration of the covenant upon which the action was founded : but as the, slave is alleged to be of no value, and to have died of the disease under which he labored, an averment of the return of the slave to the the plaintiff, w as most assuredly unnecessary. In a suit in equity brought for the pur poseof vacating the contract on the ground of fraud, it would not under such circumstances be necessary to show-a return of the slave.; and certainly a court of law ought not to require more to be done than would in like circumstances he required by a court of equity.
*570 We are of opinion, therefore, that the plea is suffi* cient, and that the court below erred in sustaining the demurrer thereto.
Judgment reversed with costs, and the cause remanded, that the' plaintiff may have leave to withdraw his demurrer and reply, &c.